JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sammeiso Lewis, <br><br> **PLAINTIFF(S)** <br><br> v. <br><br> The Holy See, et al., <br><br> **DEFENDANT(S)** | **CASE NUMBER** <br><br> CV 25-1359 DSF (PVC) <br><br> **ORDER ON REQUEST TO PROCEED** <br> *IN FORMA PAUPERIS* <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Plaintiff failed to completely answer questions 1b and 7. Moreover, it is unclear from the Request how he can afford to live and pay for daily expenses if he is unemployed, has no money in his accounts, and has no other source of income. See, e.g., GMS Liberty LLC v. Hib, 2018 WL 1150839, at *1 (S.D. Cal. Mar. 2, 2018). The Court notes that Plaintiff also did not file complete Requests in Case Nos. CV 23-9141 TJH (MAA), CV 23-10274 TJH (MAA), CV 23-10275 TJH (MAA), 24-0422 TJH (MAA), CV 24-1293 TJH (MAA), and CV 25-1413-DSF (MAA).

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| February 21, 2025 | *Dale S. Fischer* |
| Date | United States District Judge |

CV-73 (07/22)    **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* **(NON-PRISONER CASE)**

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998) (quotation omitted). "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Levine, 415 U.S. 528, 536 (1974) (internal citations and quotation marks omitted). When a claim is not substantial, it is "so patently without merit that the claim requires no meaningful consideration." Tijerino v. Stetson Desert Project, LLC, 934 F.3d 968, 975 (9th Cir. 2019).

The Court takes notice of its own files and notes that, in addition to the cases listed on the first page of this Order that were dismissed for failing to file complete Requests, at least two of Plaintiff's cases have been dismissed because they were legally and factually frivolous, along with other reasons. Lewis v. Los Angeles City Counsel, et al., No. CV 22-8771 DOC (SK) (Dec. 9, 2022); Lewis v. Archdiocese of Miami, et al., No. CV 25-1413 DSF (MAA) (Feb. 21, 2025).

This case fares no better. As with Nos. CV 22-8771 and CV 25-1413, Plaintiff's claims draw on lengthy Bible verses, "Breach of Divine Trust," other unexplained authority, and recitations of historical accounts of wrongs allegedly done by the Catholic Church over the last 29 years. (Dkt. 1). Plaintiff alleges that the Church has neglected the "family of Christ" in Chicago, Los Angeles, New York, and Florida, and Defendants have contradicted the Holy Scripture and generally behaved beyond their spiritual authority. (Id.). He seeks a declaration that he is the "sole rightful Head of Church," other forms of recognition, that Church assets be held in trust, and "remedy for damages." (Id.) On its face, the complaint is patently without merit and subject to immediate dismissal. Steel Co., 523 U.S. at 89; Hagans, 415 U.S. at 536; Tijerino, 934 F.3d at 975. Moreover, to the extent Plaintiff repeats contentions already raised in his previous suits, they are dismissed as duplicative. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint repeating same allegations asserted in earlier case, even if filed against new defendants, is subject to dismissal as duplicative); Cruz v. Savoie, No. 1:22-cv-01035-SAB (PC), 2022 WL 3704132, at *2 (E.D. Cal. Aug. 26, 2022).

Accordingly, the action is **DISMISSED** with prejudice and without leave to amend. Atakapa Indian de Creole Nation v. Edwards, 838 F. App'x 124, 124-25 (5th Cir. 2021) (per curiam) (complaint lacking any "coherent argument" was properly dismissed for lack of jurisdiction as frivolous and without leave to amend because "futility of any amendment here was readily apparent and justified by the record"); Lopez v. Smith, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend").

In light of this dismissal, Plaintiff's Request is **DENIED** (Dkt. 2), and all other pending matters are **TERMINATED**.

*(attach additional pages if necessary)*